**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ESSEX INSURANCE COMPANY,**                                 **PLAINTIFF,**

**VS.**                                                     **CIVIL ACTION NO. 4:05CV104-P-B**

**GREENVILLE CONVALESCENT HOME,**
**INC.; ET AL.,**                                                          **DEFENDANTS.**

<u>**ORDER**</u>

This matter comes before the court upon Defendant Gladis Evans's Motion for Additional Time to Conduct Discovery [29-1]. Upon due consideration of the motion and the response filed thereto, the court finds a follows, to-wit:

Essentially, the instant motion seeks additional time to respond to the plaintiff's motion for summary judgment to allow discovery regarding the insurance policies that are the subject of this declaratory action brought by the insurance company against its insured Greenville Convalescent Home, the latter of whom is being sued in an underlying state action filed by Gladis Evans.

Even though Evans filed an affidavit in support of her Fed. R. Civ. P. 56(f) motion for discovery and stated that she wanted to depose individuals involved in drafting the insurance policies, and even though Evans attached proposed interrogatories, she has not complied with Rule 56(f)'s requirement that she show exactly what genuine issues of material fact she believes can be created by the discovery. Indeed, Evans has not rebutted Essex's citation to *American States Insurance Company v. Natchez Steam Laundry,* 131 F.3d 551, 554 (5th Cir. 1996) for the proposition that "[t]he [insurance] policy itself is the sole manifestation of the parties' intent, and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be

1

understood from a reading of the policy as a whole."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Gladis Evans's Motion for Additional Time to Conduct Discovery [29-1] is **DENIED**; and

(2) Evans shall have until December 9, 2005 by which to further respond to Essex's motion for summary judgment.

**SO ORDERED** this the 21st day of November, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE